No. 791

## GRANDCOURT LAND CO. v. RAYMOND et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6249. Decided April 12, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

**297. CONTRACTS**—Subsequent oral contract may be shown by parol evidence to modify or vary a written contract, especially when work under the written contract has been commenced.

MIDDLETON, J. ·

James Raymond & Son entered into a written contract with the Grandcourt Land Co. whereby the Raymonds were to excavate and lay, storm and sanitary sewers. It was contemplated that a single ditch would suffice for two sewer pipes, one on the bottom of the trench and the other on a shelf thereof. The trench was fixed at 3240 lineal feet at $1.25 per lineal foot.

While the Raymonds engaged· in this work, the Land Co. ordered a change of construction in that a single trench be dug for each sewer. For this extra work the Raymonds sued the Land Co. in the Cuyahoga Common Pleas for the purpose of recovering additional compensation in the sum of $2.00 per foot for 3373 lineal feet, which it was claimed was the agreed price for the additional work.

The jury allowed the Raymonds $4000 on their claim plus interest and judgment was rendered in accordance with this verdict. The Land Co. prosecuted error and claimed that the oral agreement for additional compensation was not competent under the rule that a written contract may not be changed or modified by parol evidence; and that such oral contract was not prove das it was alleged to be. The Court of Appeals held:

1. Where an oral contract is made subsequent to a written contract and especially after work under the written contract has been commenced, parol evidence of the later contract is competent.

2. It was testified to that the president of the Land Co. informed the Raymonds of the change in construction and that he said he would pay for the additional trench.

3. It is impossible to believe that this extra work was done by the Raymonds without some urgent cause or reason for the change.

4. The jury's conclusion is based upon the fact that th eRaymonds actually duobled the amount of excavation provided for by their written contract, and this additional burden could have been assumed only by some new

arrangement with the Land Co.

5. The Raymonds were entitled to recover on a quantum meruit basis and the trial court's inquiry of a witness which went to the difference in the cost of a single and double trench ditch, was perfectly proper.

Judgment affirmed.

Attorneys—White, Cannon & Spieth, and H. O. Mierke for Company; Bernsteen & Bernsteen for Raymonds; all of Cleveland.